UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. NEUFELD,<br><br>        Plaintiff,<br><br>   v.<br><br>MACK WIMBISH, et al.,<br><br>        Defendants. | CV F- 04-6579 REC DLB P<br><br>FINDINGS AND RECOMMENDATION RE DISMISSAL OF CERTAIN DEFENDANTS |

      Plaintiff is a state prisoner proceeding pro per and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. On January 21, 2005, the Court issued an order finding that plaintiff's complaint filed on November 18, 2004 stated cognizable claims for relief against defendants Voth, Fisher, Barrajas and Chase but failed to state cognizable claims against defendants Wimbish or Wahl. The Court granted plaintiff the opportunity to either file an amended complaint or advise that he wished to proceed only against defendants Voth, Fisher, Barrajas and Chase. On May 2, 2005, plaintiff so advised the Court. Accordingly, the Court now issues the following recommendation to dismiss defendants Wimbish and Wahl and proceed against the other defendants.

I.    <u>Screening Standard</u>

      The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

II.     Summary of Plaintiff's Amended Complaint

The events at issue in the complaint allegedly occurred at the Kern County Pre-Trial Facility in Bakersfield, California. Plaintiff names as defendants, Chief Commander Mack Wimbish; Commander Wahl; Senior Deputy Voth; and deputies Fisher, Barrajas and Chase. Plaintiff is seeking monetary and injunctive relief.

Plaintiff alleges that on September 24, 2004, deputies Voth, Chase, Barrajas and Fisher arrived at his cell and instructed plaintiff to walk to the back of the cell and face the wall. Plaintiff alleges that after he complied, deputy Barrajas entered the cell and violently slammed plaintiff's face into the wall causing his forehead and nose to bleed. Plaintiff was then handcuffed and deputies Voth, Fisher, Barrajas and Chase "roughly" escorted him to a new housing unit. Plaintiff alleges that defendant Fisher violently struck plaintiff in the back of the head with a closed fist. Plaintiff alleges

1  that defendant Voth provoked the violent incident and defendant Chase witnessed the incident and
2  did nothing.
3  III.    Section 1983 Claims
4          "Whenever prison officials stand accused of using excessive physical force in violation of the
5  Cruel and Unusual Punishment Clause [of the Eighth Amendment], the core judicial inquiry is . . .
6  whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and
7  sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing Whitley v. Albers,
8  475 U.S. 312, 320-21 (1986)).  "In determining whether the use of force was wanton and
9  unnecessary, it may also be proper to evaluate the need for application of force, the relationship
10 between the need and the amount of force used, the threat 'reasonably perceived by the responsible
11 officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at
12 7. "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end
13 it." Id.
14         Not "every malevolent touch by a prison guard gives rise to a federal cause of action. Id. at
15 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's
16 chambers, violates a prisoner's constitutional rights." Id. (citing Johnson v. Glick, 481 F.2d 1028,
17 1033 (2nd Cir. 1973) (cert. denied sub nom. Johnson, 414 U.S. 1033 (1973)).  "The Eighth
18 Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from
19 constitutional recognition de minimis uses of physical force, provided that the use of force is not of a
20 sort 'repugnant to the conscience of mankind.'" Id. at 9-10.
21         "What is necessary to show sufficient harm for purposes of the Cruel and Unusual
22 Punishment Clause depends upon the claim at issue . . . ." Id. at 8. "The objective component of an
23 Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."
24 Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n]
25 [Eighth Amendment] conditions-of-confinement claim," and "deliberate indifference to medical
26 needs" violates the Eighth Amendment "only if those needs are 'serious.'" Id. at 9 (citation omitted).
27 With respect to these types of claims, "[b]ecause routine discomfort is part of the penalty that
28

1  criminal offenders pay for their offenses against society, only those deprivations denying the minimal
2  civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth
3  Amendment violation." Id. at 9 (quotations and citations omitted).  With respect to excessive force
4  claims, however, the malicious and sadistic use of force to cause harm *always* violates contemporary
5  standards of decency, regardless of whether or not significant injury is evident.  Id. at 9; see also
6  Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard
7  examines de minimis uses of force, not de minimis injuries)).

8       Plaintiff has stated a cognizable claim for excessive force in violation of the Eighth
9  Amendment against defendants Voth, Fisher, Barrajas and Chase.  However, his allegations are
10 insufficient to state a claim for excessive force against defendants Wimbish and Wahl.  Supervisory
11 personnel are generally not liable under section 1983 for the actions of their employees under a
12 theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position,
13 the causal link between him and the claimed constitutional violation must be specifically alleged.
14 See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th
15 Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 for
16 supervisory liability, plaintiff must allege some facts indicating that supervisory defendants either:
17 personally participated in the alleged deprivation of constitutional rights; knew of the violations and
18 failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy
19 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional
20 violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor
21 v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some
22 facts must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County
23 Narcotics Unit, 507 U.S. 163, 168 (1993).

24      Plaintiff has not alleged any facts indicating that defendants Wimbish or Wahl personally
25 participated in the alleged deprivation of constitutional rights; knew of the violations and failed to
26 act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a
27 repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"
28

1 Hansen v. Black at 646.  Accordingly, these allegations fail to state an excessive force claim against
2 these defendants.

3 IV.    Conclusion

4      The court finds that plaintiff's complaint contains cognizable claims against defendants Voth,
5 Fisher, Barrajas and Chase for use of excessive force, in violation of the Eighth Amendment.
6 However, the court finds that plaintiff's complaint does not contain any other claims upon which
7 relief may be granted under section 1983.

8      Based on the foregoing, it is HEREBY RECOMMENDED that defendants Wimbish and
9 Wahl be dismissed from this action for failure to state a claim upon which relief can be granted and
10 that this action proceed only against defendants Voth, Fisher, Barrajas and Chase on Plaintiff's
11 Eighth Amendment claim.

12      These findings and recommendations will be submitted to the United States District Judge
13 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30)
14 days after being served with these findings and recommendations, the parties may file written
15 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
16 Findings and Recommendations."  The parties are advised that failure to file objections within the
17 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
18 1153 (9th Cir. 1991).

19      IT IS SO ORDERED.

20 **Dated:    May 5, 2005**                           **/s/ Dennis L. Beck**
    3b142a                                                              UNITED STATES MAGISTRATE JUDGE